**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CASE NO. 4:03CR63 |
| | § | |
| STEPHAN SUMNER | § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

On November 28, 2007, the court held a hearing on the government's petition (#26) to revoke supervised release. The government was represented by Assistant United States Attorney Mr. Andy Williams. The defendant was represented by Ms. Denise Benson.

Stephan Sumner was sentenced on August 15, 2003, before the Honorable Paul Brown, U.S. District Judge for the Eastern District of Texas, after pleading guilty to the offenses of Wire Fraud and Mail Fraud. Judge Brown sentenced Stehpan Sumner to 46 months imprisonment followed by three (3) years of supervised release. Judge Brown also ordered Stephan Sumner to pay restitution in the amount of $162,640.48. On August 23, 2006, Stephan Sumner completed his period of imprisonment and began service of the supervision term.

On November 7, 2007, the instant petition to revoke was filed. In its petition, the government alleges the defendant violated the following conditions:

1) The defendant shall not commit another federal, state or local crime. Specifically, the government alleges as follows: On or about August 3, 2007 Mr. Sumner was charged by information in Collin County, Texas, with the criminal charge of Theft over $500 and less than $1,500.

2)      The defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days

of each month. Specifically, the government alleges that Mr. Sumner failed to submit a written monthly report by the fifth day of the month for the months of May, June, July and August 2007.

    3)    The defendant shall pay restitution in the amount of $162,640.48. Specifically, the government alleges that Mr. Sumner failed to make scheduled restitution payments for the months of April, May, June, July and August, 2007.

The court scheduled a revocation hearing for November 28, 2007. At the hearing on the government's petition, the defendant admitted to the second and third allegations as set forth above, and denied the first allegation. Mr. Williams called Mr. Hubert Alfaro, of the U.S. Probation Office, to testify for the government concerning the first allegation above. In this regard, Mr. Alfaro testified that on July 16, 2007, he received a call from the defendant's employer. During this phone call, the defendant's employer accused the defendant of stealing a pull saw and water pump from him. Mr. Alfaro also testified that on July 23, 2007, the defendant called him and admitted to stealing the saw and pump. During that phone conversation, the defendant also informed Mr. Alfaro that he had committed other acts of theft unknown to others.

After considering the evidence and argument of counsel, the court found, by a preponderance of the evidence, that the defendant violated the first allegation as set forth above. In light of this finding, combined with the defendant's plea of true to the second and third allegations, the court found that the defendant violated the conditions of his supervised release. The court thereafter recommended that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for eight (8) months, with no term of supervised release to follow such term of imprisonment. The court also recommended that the defendant pay restitution in the amount of $162,640.48.00. Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the second and third allegations as set forth in the government's petition be **ACCEPTED,** and that the court **ACCEPT** the finding of the Magistrate Judge that the defendant violated the first allegation set forth above. Based upon the defendant's plea and the Magistrate Judge's findings, it is further recommended that the court find the defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, with no term of supervised release to follow such term of imprisonment. It is further

**RECOMMENDED** that the defendant pay restitution in the amount of $160,640.48.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglas v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

SIGNED this 14th day of January, 2008.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE